Harold Tessler, J.
In this proceeding, brought pursuant to subdivision 2 of section 330 of the Election Law, the petitioner seeks to set aside the primary election held on September 6,1962, for the party position of Member of the Democratic State Committee (Female) in the Seventh Assembly District, Queens County. [See, also, Matter of Gross v. Thaler, 36 Misc 2d 539.]
The petitioner, Ruth Ostwald, opposed the respondents, Marie F. Schwarze and Gladys E. Krasner, in a three-way contest.
The official recanvass of the Board of Elections disclosed the following results: Schwarze — 2,913, Krasner — 2,631, Ostwald —1,338, being a margin of 1,575 votes over Ostwald. It is significant to note at this point that the unit of representation involved herein, the Seventh Assembly District, is composed of two separate leadership districts or zones, Part A and Part B; the breakdown of the total vote received by the three candidates shows that Schwarze received 965 votes to Ostwald’s 1,310 in Part B; Schwarze received 1,948 votes to Ostwald’s 28 in Part A, with Krasner receiving 1,545 in Part A and 1,086 votes in Part B.
There is no dispute about the facts. It is conceded that in 31 election districts, all in Part A, the petitioner’s name did not appear on any of the machines in those districts at any time during the voting hours of primary day; that in 13 additional election districts, also in Part A, with her name on the machine, the petitioner received a total of 28 votes; that in each of the remaining 8 election districts in Part A, with her name on the machines, petitioner received no votes at all; that in the 101st Election District the machine was a complete blank as to all candidates but an election was held by the use of paper ballots.
The petitioner offered no other proof and makes no claim of fraud. It is her contention that by reason of the fact that in Part B she defeated Schwarze by 345 votes, it necessarily follows that the omission of her name in the 31 election districts and her failure to get more than 28 votes in the remaining ones was responsible for her defeat.
This court cannot accept this unrealistic non sequitur as a basis for setting aside the results of the primary election.
*750 This court believes the principle enunciated in Matter of Badillo v. Santangelo (15 A D 2d 341) to be a sound one and applicable to the instant case and has followed this rule in Matter of Leibell v. Barnes (36 Misc 2d 751). As stated in the Badillo case (supra): “ An election will not be overturned upon a mere mathematical possibility that the results could have been changed, when the probabilities all combine to repeal any such conclusion (Matter of McGuinness v. De Sapio, 9 A D 2d 65). Neither the statute nor this court’s opinion in the McGuinness case projects such a strained and unrealistic formula to the practical affairs of politics. ’ ’
Looking at the results in Part B, where the petitioner received a total of 1,310 votes in 52 election districts — all being free of irregularities — it is apparent that she averaged 25 votes per election district. In the 21 election districts in Part A, where her name appeared on the machines (including the 101st Election District where paper ballots were used), petitioner averaged a little more than 1 vote per election district. Omitting the 8 districts where petitioner failed to receive a vote in any of them, she averaged 2 votes per election district in the remaining 13. There was no proof offered that there was any irregularity of any nature in connection with the machines in these 21 districts. The court has neither the power nor the right to arbitrarily assign any speculative or unfounded cause for this paucity of votes. The mere fact that the petitioner received so few votes in these districts is indicative of nothing more than a lack of persuasion on her part with the electorate therein ; especially does this conclusion appear most probable when it is viewed in the light of the fact that her third rival, Krasner, received a total of 1,545 votes in this same Part A, averaging approximately 30 votes per election district — and a total of 1,086 votes for an average of approximately 20 votes per district in Part B.
Using the probabilities of the existing situation, it is obvious that the irregularities could not have changed the result of the election. In order to overcome the 1,575-vote deficit, the petitioner would have to average approximately 50 votes in each of the 31 districts where her name did not appear on the machine. Such a result must be classified as almost impossible, especially in view of petitioner’s actual performance of averaging 25 votes per district in Part B.
It is apparent that the small number of votes received by the petitioner in the other 21 districts comprising Part A are in all probability due to the vicissitudes and hard realities of political affairs of this kind and not to the irregularities complained of *751 or to any other unstated or speculative causes. The omission of petitioner’s name on the machines in so many of the election districts did not, in the court’s opinion, have such an effect as could have changed the result and made the rightful winner impossible to determine. Accordingly, the petition is dismissed.